**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: June 11 2010

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31622 |
| | ) | |
| Destiny M. Arquette | ) | Chapter 7 |
| | ) | |
| **Debtor** | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| | ) | |
| | ) | |

**ORDER DENYING VOLUNTARY DISMISSAL**

This case came before the court for hearing on June 8, 2010, on Debtor's Motion for Voluntary Dismissal [Doc. # 13] ("Motion").

A third-party post-petition tort claimant, Amber Hauck-Tucker, filed a written objection to the Motion. [Doc. # 16]. Although not so stated in her written Motion, counsel acknowledged at the hearing that Debtor wants to dismiss this case because she incurred additional debt in the form of potential tort liability arising after the commencement of this case. Her stated intention is to re-file another Chapter 7 case after she dismisses this one, so as to attempt to discharge any new debt to Amber Hauck-Tucker that she incurred post-petition. A post-petition claimant such as Ms. Hauck-

Tucker is a party in interest and has standing to be heard on a request for voluntary dismissal intended to add new creditors. *In re Compton*, 161 B.R. 636, 638 (Bankr. N.D. Ohio 1993).

Section 707(a) of the Bankruptcy Code provides that the court may dismiss a Chapter 7 case "only for cause." 11 U.S.C. § 707(a). This provision stands in meaningful and marked contrast to the liberal voluntary dismissal provision applicable to Chapter 13 cases, which states that "[o]n request of the debtor at any time...the court shall dismiss a case under this chapter." 11 U.S.C. § 1307(b). In the view of most courts, including this one, a Chapter 7 debtor may not "automatically" dismiss a case on request under § 707(a). *In re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D. Ohio 1987). Courts have denied a debtor's request to voluntarily dismiss a Chapter 7 case where creditors have been or will be prejudiced by the dismissal. *See, e.g.*, *MacDonald*, 73 B.R. at 256; *In re Banks*, 35 B.R. 59, 60-61 (Bankr. D. Md. 1983). Courts have also denied a debtor's request to voluntarily dismiss a case when property has been or will be obtained by the Trustee that will satisfy at least part of the debtor's obligations. *See e.g.*, *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984) (debtor's reason for dismissal was settlement of pending lawsuit, which court rejected); *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980). As the court noted in *Blackmon*, a debtor who chooses to place oneself in bankruptcy may not always choose to terminate the proceedings, even if unforseen consequences arise. *Id.* at 169. And so it is here.

Numerous courts have denied a debtor's voluntary motion to dismiss a Chapter 7 case when she intends to re-file and list post-petition debts, finding that such action cause prejudice to creditors. *E.g., In re Hopkins,* 261 B.R. 822 (Bankr. E.D. Pa. 2001); I*n re McCullough*, 229 B.R. 374, 377 (Bankr. E.D. Va. 1999); *In re Sheets*, 174 B.R. 254, 256 (Bankr. N.D. Ohio 1994). As another judge of this court aptly explained,

> The Bankruptcy Code contemplates that a singular point in time, the date of filing of the bankruptcy petition, is to be used to define the bankruptcy estate and the debts that are to be discharged. Simply put, it has to stop sometime. There will always be additional debts, and Congress has chosen to only allow the benefits of a Chapter 7 discharge once every six [*n.b.* now 8] years. Allowing debtor to add additional creditors undermines the fundamental precept of the bankruptcy system.

*In re Sheets,* 174 B.R. at 256.

In particular, in a case on point with this one, the debtors in *Compton* sought to voluntarily dismiss and re-file their Chapter 7 case so as to list a creditor in the new case whose claim arose from a post-petition automobile accident. *Compton*, 161 B.R. at 637. That is what occurred in this case due to a third-party driver of Debtor's motor vehicle having been in an accident involving personal injury Amber Hauck-Tucker. The court in *Compton* persuasively denied the requested voluntary dismissal as an effort to circumvent the significance of the bankruptcy petition date, the meaning of "claim" and the statutory limitations on the availability of Chapter 7 relief. There is no basis shown in the record upon which the outcome of Debtor's Motion should be any different than the *Compton* case.

The court finds that post-petition creditors will be prejudiced and that Debtor has not shown cause for dismissal of this case.

Based on the foregoing reasons and authorities, and as otherwise stated by the court on the record during the hearing,

**IT IS ORDERED** that Debtor's Motion for Voluntary Dismissal [Doc. # 13] is **DENIED**, without prejudice.